RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0400P (6th Cir.)
File Name: 02a0400p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

GARY K. BEST, WILLIAM J. LONDRIGAN, Trustees, Kentucky State AFL-CIO Money Purchase Pension Plan; DEWEY C. PARKER, JR.; KENTUCKY STATE AFL-CIO, Money Purchase Pension Plan,

     *Plaintiffs-Appellants,*

     *v.*

RONALD R. CYRUS,

     *Defendant-Appellee.*

No. 01-5799

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 99-00096—Joseph M. Hood, District Judge.

Argued: October 16, 2002

Decided and Filed: November 19, 2002

1

Before:  MARTIN, Chief Circuit Judge; RYAN, Circuit
Judge; COHN, Senior District Judge.[*]

---

**COUNSEL**

**ARGUED:**  David M. Cook, LAW OFFICE OF DAVID M.
COOK, Cincinnati, Ohio, for Appellants. John R. McGinnis,
McBRAYER, McGINNIS, LESLIE & KIRKLAND,
Greenup, Kentucky, for Appellee. **ON BRIEF:** David M.
Cook, Stephen A. Simon, LAW OFFICE OF DAVID M.
COOK, Cincinnati, Ohio, for Appellants. John R. McGinnis,
James D. Atkinson, McBRAYER, McGINNIS, LESLIE &
KIRKLAND, Greenup, Kentucky, for Appellee.

---

**OPINION**

---

RYAN, Circuit Judge.  The plaintiffs in this appeal are
Gary K. Best and William J. Londrigan, the trustees of an
employee pension plan; Dewey C. Parker, Jr., a participant in
the plan; and the plan itself.  The plaintiffs appeal the district
court's grant of summary judgment dismissing their claims
against the defendant, Ronald R. Cyrus, for breach of his
fiduciary duties under the Employee Retirement Income
Security Act of 1974 (ERISA).  The plaintiffs also appeal the
district court's denial of summary judgment in their favor.
The plaintiffs argue that Cyrus breached his fiduciary duties
as a plan trustee when he (1) did not ensure that required
contributions were made to the plan, (2) did not secure loan
repayments that were owed to the plan, and (3) did not file an
annual report with the government on behalf of the plan.

---

[*] The Honorable Avern Cohn, Senior United States District Judge for
the Eastern District of Michigan, sitting by designation.

We must decide whether the district court erred when it found that the ERISA plan document, standing alone, determined Cyrus's duties. We conclude that a trustee has a duty to act in the interest of a plan's beneficiaries, even though he is not specifically directed to act under the plan document, because ERISA imposes additional duties on trustees through its incorporation of the common law of trusts. We therefore reverse in part and affirm in part the district court's judgment and remand for further proceedings.

## I.

From approximately 1984 until 1998, Cyrus served as trustee of the Kentucky State AFL-CIO Money Purchase Pension Plan (the plan). The Regional Prototype Defined Contribution Plan and Trust (the plan document) described Cyrus's duties as trustee. According to the plan document, the trustee "shall be responsible for the administration of investments" held in the pension fund. Cyrus's responsibilities included "receiving contributions" under the terms of the plan, "making distributions" from the pension fund, and "keeping accurate records" to reflect the administration of the pension fund.

During approximately the same period that Cyrus served as trustee, he was the Executive Secretary-Treasurer of the Kentucky State AFL-CIO. As Secretary-Treasurer, Cyrus supervised the accounts, receipts, and expenditures of the Kentucky State AFL-CIO. The Kentucky State AFL-CIO was required to contribute 15.5% of participants' annual salaries to the plan. Participants were permitted to borrow funds from their own plan account and then repay their loan through deductions in their paychecks. Cyrus was himself a participant in the plan and took a loan from his own account.

In September 1998, the National AFL-CIO placed the Kentucky State AFL-CIO in a form of trusteeship. The National AFL-CIO appointed officials to oversee and review the daily operations and finances of the Kentucky State AFL-CIO. In November 1998, the monitor for the Kentucky State AFL-CIO removed Cyrus as trustee of the plan. An

investigation into the plan's finances revealed that in prior years, the required salary-based contributions had not been made to the plan. Cyrus was aware of the missing contributions. He testified that "economic misfortunes" caused the Kentucky State AFL-CIO to be "behind" in its payments to the pension fund. He stated that he took measures to generate more revenue for the Kentucky State AFL-CIO, but despite periodic "shortfalls," he did not want to lay off employees. The investigation also revealed that repayments of participants' loans had not been credited to the plan. Plaintiff Parker testified that when he approached Cyrus about the missing loan repayments, Cyrus expressed concerns about paying bills and possible layoffs. The plaintiffs claim that Cyrus breached his fiduciary duties under ERISA when he failed to ensure that the contributions and repayments were made to the plan.

The plaintiffs also claim that Cyrus breached his fiduciary duties under ERISA when he failed to act with respect to unfiled annual reports. The plan document required the plan administrator, the Kentucky State AFL-CIO, to file any returns and reports with the Department of Labor. In 1993, Cyrus signed the Annual Report of Employee Benefit Plan (Form 5500) for 1991. From 1994 through 1997, the Form 5500 annual report was not filed on behalf of the plan. ERISA authorizes the Secretary of Labor to assess a civil penalty against a plan administrator for failure to file the annual report. 29 U.S.C. § 1132(c); 29 C.F.R. § 2560.502c-2(a).

The plaintiffs brought this action pursuant to 29 U.S.C. § 1132(a)(2) and argued in the district court, as they do here, that they have suffered losses as a result of Cyrus's alleged breaches. Specifically, they claim that they lost investment opportunities because contributions and repayments were missing from the plan. The plaintiffs want the plan restored to the position it would have held but for the alleged breaches. The district court dismissed the plaintiff's claims because it found that, as a matter of law, Cyrus had no duty to act

file forms is not consistent with the trustee's responsibility for the funds in the plan.

As an alternative theory of liability concerning the contributions, repayments, and forms, the plaintiffs argue that Cyrus was a *de facto* plan administrator. We have already found that Cyrus was liable on the contributions and repayments by virtue of his role as a fiduciary and the corresponding duties imposed by ERISA; therefore, we see no need to reach the issue of whether Cyrus was a *de facto* plan administrator. We decline to address this alternative theory of liability.

### III.

The district court erred in holding that Cyrus could not be liable for breach of his fiduciary duties when he did not ensure that contributions and repayments were made to the plan. We therefore **REVERSE** the district court's grant of summary judgment for Cyrus on this issue and **REMAND** for further proceedings. The district court was correct in holding that Cyrus could not be liable for breach of his fiduciary duties when he did not file the Form 5500 annual report. We therefore **AFFIRM** the judgment of the district court on this issue. In view of the fiduciary duties imposed by ERISA, we **VACATE** the district court's denial of the plaintiffs' motion for summary judgment and **REMAND** for further consideration.

trustee's failure to attempt to collect contributions owed to a plan has been a breach of the duty to ensure that the plan receives the funds to which it is entitled. *Diduck v. Kaszycki & Sons Contractors, Inc.*, 874 F.2d 912, 918 (2d Cir. 1989). A trustee's failure to forward a plan's assets to the plan can likewise create liability for a breach of fiduciary duty. *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997). In both *Diduck* and *LoPresti*, the Second Circuit found that ERISA determined the scope of the trustee's fiduciary duties. Accordingly, ERISA, along with the law of trusts incorporated into the statute, defines the limits of Cyrus's fiduciary duties. The contributions and repayments must fall within this scope because, as trustee, Cyrus was responsible for the plan's assets. The district court erred when it concluded that he did not have a duty to secure those funds.

However, as a matter of law, Cyrus was not responsible for filing the Form 5500 annual report because this was outside the scope of his duties. Any duties he had regarding the plan's assets, whether imposed by the plan document or ERISA, did not encompass the duty to file the annual report. Rather, the district court correctly concluded that the plan administrator, the Kentucky State AFL-CIO, was responsible for filing that form. The plan document clearly stated that the duties of the plan administrator shall include "filing any returns and reports with the . . . Department of Labor." Furthermore, ERISA plainly requires the plan administrator, not the trustee, to file an annual report with the Secretary of Labor. 29 U.S.C. §§ 1021(b)(1), 1024(a) (West 1999 & Supp. 2002). As such, neither the plan document nor ERISA itself makes Cyrus responsible for the unfiled reports.

The argument that Cyrus must be liable for failing to secure the contributions and repayments does not apply likewise to his failure to file the forms. A duty to act regarding the contributions and repayments stems from the duty to administer and manage the plan's assets, and is rooted, as we have said, in trust law as applied through ERISA. The law imposes no such duty on a trustee to file forms that are designated as the responsibility of another party. Any duty to

regarding the contributions, repayments, or the filing of the annual report forms.

## II.

We review *de novo* a district court's grant of summary judgment. *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 246 (6th Cir. 2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing the district court's grant of summary judgment, we draw all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The parties agree that Cyrus was a fiduciary with respect to the plan. They disagree, however, on the extent of his fiduciary duties. The plaintiffs argue that the plan document cannot supersede the duties imposed by ERISA, which, they claim, include duties above and beyond those spelled out for a trustee in the plan document. Specifically, the plaintiffs claim that ERISA requires a trustee to take control of a plan's assets, including unpaid contributions and missing repayments. Cyrus argues that the plan document definitively set forth his duties and those of the plan administrator. Cyrus argues that the plan administrator, not the trustee, was responsible for securing the contributions and repayments. Cyrus points out that the plan document stated that his duties "shall be limited to those described." Essentially, Cyrus asserts that his role as a fiduciary was circumscribed by the terms of the plan document.

The term "fiduciary" should be defined not only by titles, such as "trustee," but also by the authority that a person has or exercises over a plan. *Brock v. Hendershott*, 840 F.3d 339, 342 (6th Cir. 1988). Under ERISA, a person is a fiduciary with respect to a plan to the extent that "he exercises any discretionary authority or discretionary control respecting

management of such plan or exercises any authority or control respecting management or disposition of its assets" or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Cyrus was a fiduciary not only because he was the designated trustee, but also because he was responsible for administering investments, receiving contributions, and making distributions. He exercised discretion over the plan's management, assets, and administration. Therefore, ERISA's fiduciary standards governed his acts or omissions regarding the plan's assets.

ERISA requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). In doing so, a fiduciary must act "with the skill, care, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). A fiduciary must also act "in accordance with the documents and instruments governing the plan," insofar as those documents are consistent with the provisions of ERISA. 29 U.S.C. § 1104(a)(1)(D). In accordance with the plan document, Cyrus was required to administer investments and receive contributions. The plan document's "limiting" language was inconsistent with ERISA.

We think the district court erred when it concluded that, as a matter of law, Cyrus's duties were limited to those described in the plan document. The plaintiffs argue that, quite aside from the language of the plan document, ERISA and ordinary trust law imposed an obligation upon Cyrus to act in the interest of the plan's beneficiaries. We agree. Fiduciary duties under ERISA "draw much of their content from the common law of trusts." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996). Under ordinary trust law, to administer a trust is to perform the duties imposed, or exercise the powers conferred, by the trust document. *Id.* at 502. A trust document implicitly confers "'such powers as are necessary

or appropriate for the carrying out of the purposes' of the trust." *Id.* (quoting 3 A. Scott & W. Fratcher, Law of Trusts § 186, at 6 (4th ed. 1988)). Cyrus had the power and corresponding duty to act in the interest of the plan's beneficiaries, that is, to take necessary and appropriate action with respect to the required contributions and missing repayments.

"There is more to plan (or trust) administration than simply complying with the specific duties imposed by the plan documents or statutory regime; it also includes the activities that are 'ordinary and natural means' of achieving the 'objective' of the plan." *Id.* at 504 (quoting G. Bogert & G. Bogert, Law of Trusts and Trustees § 551, at 41-52 (rev. 2d ed. 1992)). Here, taking some action with respect to the funds would have been an ordinary means of achieving the plan's objective of benefitting its participants. Cyrus had duties beyond those specified in the plan document because "trust documents cannot excuse trustees from their duties under ERISA, and . . . trust documents must generally be construed in light of ERISA's policies." *Cent. States, Southeast & Southwest Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 568 (1985). The plan document must be construed to require the trustee to act in the interest of the plan's beneficiaries. Because Cyrus could not be "excuse[d]" from his fiduciary duties under ERISA, the language of the plan document could not absolve him of a duty to secure the contributions and repayments.

Cyrus had a specific duty to secure the contributions and repayments because "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries." *Id.* at 571. Cyrus was aware that contributions were not being made and, according to Parker, Cyrus was also aware that repayments were not being deposited. Therefore, Cyrus knew that the plan was not receiving all the funds to which it was entitled. In circumstances similar to those faced by Cyrus, trustees have had a duty to act in the interest of a plan's beneficiaries. A